IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPBELL HATCH & PERRY HATCH, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>WOLTERS KLUWER UNITED STATES, )<br>INC. HEALTH PLAN, & the WOLTERS )<br>KLUWER BENEFITS ADMINISTRATIVE)<br>COMMITTEE, )<br>)<br>    Defendants. )<br>_____) | Case No. 1:20-cv-07168<br><br>District Judge Charles R. Norgle, Sr.<br>Magistrate Judge Sheila M. Finnegan |

**PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

COMES NOW Plaintiffs Campbell Hatch and Perry Hatch ("Plaintiffs"), by and through their undersigned attorneys of record, and file this Motion to Supplement the Administrative Record. In support thereof, the Plaintiffs state as follows:

**INTRODUCTION**

ERISA allows a participant in an employee benefit scheme to bring a civil action to recover benefits due under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). Under the abuse of discretion standard, the court's review is limited to the record before the plan administrator. *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003) (citation omitted). However, in this case, there is a question of fact as to which documents were before the plan administrator at the time it made its decision. Specifically, Plaintiffs contend that on February 22, 2019, they submitted an appeal ("February 22 Appeal") for the denial of treatment for their daughter at Paradigm from October 30, 2018 through November 13, 2018. Defendant claims it cannot find in the February 22 Appeal in its possession. To date, Plaintiffs

1

and Defendants (collectively "the Parties") have endeavored to independently resolve certain issues with the very lengthy administrative record in this case, but seek the Court's assistance in resolving this factual dispute.

## RELEVANT MATERIAL FACTS[1]

On May 19, 2021, the Parties submitted a Joint Proposed Discovery Plan which contemplated Defendants' production of the record on June 18, 2021; discovery closing on October 18, 2021; and Plaintiffs identifying any perceived deficiencies November 1, 2021. (Doc. 25). In June 2021, Defendants produced the administrative record regarding Plaintiffs' multiple claims for benefits, which spanned multiple providers and years, and totaled almost 10,000 pages. However, Defendants thereafter engaged in motion practice, ending in the dismissal of a named Defendant on November 8, 2021. (Doc. 39). On December 9, 2021, Defendants filed an Answer to Plaintiffs' Amended Complaint. (Doc. 49). The Parties thereafter sought multiple extensions of deadlines in the case while they attempted to negotiate a potential resolution of the matter.

On March 4, 2022, Plaintiffs requested the reproduction of the following page ranges as they were illegible: 0003527 – 3573; 0003574 – 3576; 0003577 – 3580; 0004497 – 4508; 0004646 – 4659; 0004789 – 4812; 0004917 – 4928. Plaintiffs also noted that Defendants had referred to pages 9488 and 9510 in the administrative record, but the record produced to Plaintiffs ended at 9186. Plaintiffs therefore requested Defendants provide the rest of the administrative record.

On March 21, 2022, Defendants informed Plaintiffs that Blue Cross Blue Shield had removed some of the documents from the administrative record, which caused a difference in the

---

[1] Plaintiffs provide, in good faith, a summary of communications between the Parties regarding the administrative record, rather than require the Court to wade through a series of emails. However, to the extent Defendants disagree or the Court further inquires, Plaintiffs will produce copies of the emails as referenced.

numbering of the record between parties.

On March 24, 2022, Defendants reproduced portions of the administrative record which had been illegible.

On April 22, 2022, Defendants provided their position on the case, with cites to the new administrative record numbers. Specifically, Defendants provided their calculations for the benefits available for each denied claim that they conceded had been administratively exhausted.

After reviewing, on May 13, 2022, Plaintiffs requested explanation from Defendants as to some of their calculations and positions on the case. After a series of discussions, Plaintiffs realized that one of the issues causing differing valuations of the lawsuit was that the administrative record was still missing the February 22 Appeal. (Exh. 1). Plaintiff re-sent the February 22 Appeal via email on June 30, 2022. On July 29, 2022, Defendants stated that they had no record of the February 22 Appeal, and would oppose any motion to supplement the record to include the February 22 Appeal.

## ARGUMENT

Courts have concluded that ERISA and its regulations determine the scope of the administrative record. *See Nguyen v. Sun Life Assurance Co. of Canada,* No. 3:14-cv-05295 JST (LB), 2015 WL 6459689, at *3-4 (N.D. Cal. Oct. 27, 2015). "The administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Nebesny-Fender v. American Airlines, Inc.*, 818 F. Supp. 2d 1319, 1320 (S.D. Fla. 2011), citing to *Estate of Bratton v. Nat'l Union Fire Ins.,* 215 F.3d 516, 521 (5th Cir. 2000) ("Further, as a safeguard against possible abuse or mistake, the claimant's lawyer may add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair

3

opportunity to consider it. If the claimant submits additional information to the administrator, and requests the administrator to reconsider its decision, that additional information should be treated as part of the administrative record.") (citations omitted).

In this case, Plaintiffs seek to supplement the administrative record to be filed with the Court, because they contend the missing appeal was submitted to the Plan Administrator during the administrative process and it should therefore be included for consideration before the Court. Defendants claim they never received the February 22 Appeal. Whether or not the February 22 Appeal was provided during the administrative process will determine whether that period of benefits was administratively exhausted. Therefore, the question of supplementing the administrative record with the February 22 Appeal is genuine question of material fact, and must be decided by a factfinder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (noting that a fact is "material" if it may affect the outcome of the suit under governing law.)

Here, Defendants denied an appeal for October 30, 2018 through November 6, 2018, but these dates differ from the dates referenced in the February 22 Appeal. (Exh. 1.) 29 C.F.R. § 2650-503-1(m)(8) provides that "[a] document, record, or other information shall be considered 'relevant' to a" claim if it:… (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination…" Therefore, the February 22 Appeal is a relevant record that will help fully inform the Court's decision. Plaintiffs are willing to provide sworn testimony that they submitted the February 22 Appeal to Defendants. Indeed, it would be nonsensical to believe that they would have gone to the effort to assemble the appeal and simply not send it. Defendants cannot prove with certainty that they did not receive the Appeal. As such,

4

all relevant factors necessitate inclusion of the February 22 Appeal in the Record, and the Court must include it in its review of this case.

## **CONCLUSION**

For good cause shown, Plaintiff's Motion to Supplement the Administrative Record must be GRANTED prior to the Court's review of dispositive motions in this case.

Respectfully submitted this 21st day of October, 2022.

/s/ Leslie Bassett
Leslie Bassett, Esq.
Georgia Bar Number 447037
PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, Georgia 30075
Phone: 404.551.5884
Fax: 678.812.3654
Email: leslie@pridgenbassett.com

*Counsel for Plaintiffs*


Case: 1:20-cv-07168 Document #: 71 Filed: 10/21/22 Page 6 of 6 PageID #:10902


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAMPBELL HATCH & PERRY HATCH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:20-cv-07168 |
| v. ) | |
| ) | District Judge Charles R. Norgle, Sr. |
| WOLTERS KLUWER UNITED STATES, ) | Magistrate Judge Sheila M. Finnegan |
| INC. HEALTH PLAN, & the WOLTERS ) | |
| KLUWER BENEFITS ADMINISTRATIVE ) | |
| COMMITTEE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2022, I electronically filed the foregoing PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD with the Clerk of Court, using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Leslie Bassett
Leslie Bassett, Esq.
Georgia Bar Number 447037
PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, Georgia 30075
Phone: 404.551.5884
Fax: 678.812.3654
Email: leslie@pridgenbassett.com

*Counsel for Plaintiffs*